In the Matter of GARY E. DOLAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 20, 1991

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Muriel L. Gennosa* and *Robert P. Guido* of counsel), for petitioner.

*James W. Carter* for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding the Special Referee sustained four charges of professional misconduct alleged against the respondent. The petitioner moved to confirm the report of the Special Referee and the respondent submitted an affirmation in response to the motion to confirm.

Charge one alleged that the respondent misappropriated and converted to his personal use and benefit a $7,000 down payment he was required to hold in escrow pursuant to a real estate contract of sale. The respondent received the escrow funds at the contract signing and deposited those moneys into his escrow account on or about June 13, 1983. Thereafter, on or about September 25, 1984, at a time when he was still required to be holding those funds, the balance in his escrow account was overdrawn by $887.50.

Charge two alleged that the respondent, from October 20, 1983, through February 1987, neglected the duties and obligations imposed upon him as the escrow agent in a real estate transaction. At the closing of title on August 17, 1983, the respondent agreed to continue to hold the $7,000 down payment to insure delivery of recorded satisfactions for four specified liens against the sellers. Although the respondent was advised in October 1983 that the total amount necessary to satisfy the outstanding mortgage was $10,473.48, he failed to release the $7,000 as partial payment of the mortgage until March 30, 1987, after having received a March 5, 1987 request from the purchasers' attorney.

Charge three alleged that the respondent misappropriated and converted to his personal use and benefit funds totaling $62,989.62, which he was required to hold in escrow for 12 separate clients. Those funds were received and deposited by the respondent between June 14, 1984, and September 14, 1984. On September 25, 1984, when the respondent was still required to be holding those funds, the balance in his escrow account was overdrawn by $887.50.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charges of misconduct. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Gary E. Dolan, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Gary E. Dolan is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.